UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Canvasfish.com, LLC,

    Plaintiff,

v.

Pixels.com, LLC,

    Defendant.

Case No.: 1:23-CV-611

**PIXELS.COM, LLC'S
MOTION TO STAY DISCOVERY**

Defendant, Pixels.com, LLC ("Pixels), by counsel, submits its Motion to Stay Discovery proceedings, pursuant to Fed. R. Civ. P. 26(c)(1), until the Court rules on Pixels' pending Motion to Dismiss [ECF No. 12, 13] the Complaint of Plaintiff Canvasfish.com, LLC's ("Canvasfish").

1. **Status of the Case.**

Canvasfish filed its Complaint [ECF No. 1] on June 12, 2023, which Pixels moved to dismiss on September 14, 2023. On October 16, 2023, before the parties completed briefing on Pixels' Motion to Dismiss, the parties filed their Joint Status Report [ECF No. 16]. In that Joint Status Report the parties agreed that discovery should not commence until after Pixels' Motion is resolved by the Court and the pleadings closed [ECF No. 16, PageID.256]. The Court issued its Case Management Order thereafter on October 24, 2023, [ECF No. 17] and did not stay discovery as the parties requested. As of October 26, 2023, the parties have now fully briefed the Motion to Dismiss and, considering that Motion, Pixels has not yet filed an answer to the Complaint. The parties have not exchanged their Fed. R. Civ. P. 26 initial disclosures, and no written discovery has been issued.

Accordingly, because this case is still in its infancy and Pixels' Motion to Dismiss stands to dismiss Canvasfish's Complaint in its entirety, Pixels respectfully requests that the Court stay discovery to relieve the parties from any potential undue burden or expense.

**2. Standard to Stay Case Pending a Motion to Dismiss.**

Under Fed. R. Civ P. 26(c)(1), courts "may, for good cause, issue an order" protecting parties from "undue burden or expense". Courts in the Sixth Circuit and in this district utilize Rule 26(c)(1) as the procedural mechanism to effect a stay of discovery. *See Robinson v. Saad*, 4:19-cv-10584, 2020 WL 5761036, at *2 (E.D. Mich. Sept. 28. 2020) ("A motion to stay discovery may be viewed as a request for an order to protect a party or person from . . . undue burden or expense . . . ." (internal quotation marks omitted)).

"The Sixth Circuit has specifically recognized a district court's broad discretion to stay discovery when faced with a motion to dismiss that presents a case-dispositive legal issue." *Anderson v. Catalina Structured Funding, Inc.*, No. 1:21-CV-197, 2021 WL 9000112, at *2 (W.D. Mich. July 1, 2021) (in which the court granted Defendant's motion to stay discovery pending disposition on a motion to dismiss hinging upon an "issue of statutory interpretation that no amount of discovery will alter" for a "case . . . in its infancy . . . ." (citing *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999))). "'A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Otworth v. Moulatsoiotis*, 2020 WL 13546494, at *1 (W.D. Mich. Feb. 3, 2020) (quoting *Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt.*

*Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001). "A stay of pretrial discovery may be particularly appropriate when a motion to dismiss presents only 'legal determinations that could not . . . be[ ] altered by any further discovery.'" *Anderson*, WL 9000112 at *2 (quoting *Muzquiz v. W.A. Foote Mem'l. Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). "At bottom, 'a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings.'" *Id.* (quoting *Romar Sales Corp. v. Seddon*, No. 1:12-cv-838, 2013 WL 141133, at *2 (W.D. Mich. Jan. 11, 2013)).

3. **A stay in this matter pending the Court's ruling on Pixels' Motion to Dismiss promotes economic and judicial efficiency.**

In exercising its inherent power to stay discovery as Pixels has requested, the Court determines whether the Motion to Dismiss presents legal questions that have no need for further discovery and whether a stay would promote judicial economy. The answer to these questions is in the affirmative.

First, initiating discovery is unnecessary for the Court to rule on issues Pixels presented in its Motion to Dismiss. Pixels' arguments with respect to Canvasfish's trademark claims hinge upon whether (1) the DEYOUNG mark is being used by Pixels on the websites and (2) Canvasfish's counterfeiting claim is actionable, and the Court possesses everything it needs for that determination. Specifically, Canvasfish's allegations and images in the Complaint [ECF No. 1, PageID.13] depicting how contributors, not Pixels, display the DEYOUNG mark in Pixels' websites, and Canvasfish's DEYOUNG trademark registration [ECF No. 1, PageID.4] inform the Court about the mark at issue and its use in this case. Armed with that complete and undisputed set of facts and the relevant authority on these trademark issues, the Court can rule on Pixels' Motion with respect to these trademark claims without any factual discovery, and a stay of discovery is warranted.

3

Similarly, no further discovery is needed for the Court to rule on Pixels' affirmative defenses to Canvasfish's copyright and right of publicity claims under the DMCA safe harbor, 17 U.S.C. § 512(c), and the Communications Decency Act, 47 U.S.C. § 230, respectively. As to the DMCA defense of Canvasfish's copyright claim, the Court has in its possession Pixels' DMCA policy [ECF No. 13-2, PageID.184-85], proof of Pixels' adherence to this policy through its communication with Canvasfish that Canvasfish acknowledged in its Complaint [ECF No. 13-5], and a sister-court's post-trial findings of fact and conclusions of law in *Sid Avery and Associates, Inc. v. Pixels.com, LLC* on this very issue, of which this Court may take judicial notice. As to the § 230 defense, The Court needs only the Complaint itself, in which Canvasfish both alleges and presents images showing that contributors to the websites, not Pixels itself, upload images to the platform and provide the descriptions of those images, including the name Derek DeYoung [ECF No. 1, PageID.13]. Thus, neither the parties nor the Court require any discovery or presentation of further factual material to rule on Canvasfish's copyright and publicity claims, making a stay of discovery appropriate.

In sum, the various claims and defenses in this case rely upon measuring the claims in the Complaint and matters of which the Court may take judicial notice against statutory interpretation of the Lanham Act, the DMCA, and § 230 of the Communications Decency Act. *See Johnson v. Apple, Inc.*, 2014 WL 201650, at *7 (S.D. Ohio Jan. 17, 2014) (granting Apple's motion to stay discovery pending its motion to dismiss various trademark and copyright claims), *and Anderson*, 2021 WL 9000112, at *2 (in which the court granted the defendant's motion to stay discovery pending disposition on a motion to dismiss hinging upon an "issue of statutory interpretation that no amount of discovery will alter").

Second, staying discovery pending the Court's ruling—a ruling that could dispose of every claim—promotes judicial economy. Requiring the partes to engage in costly discovery over the coming months to comport with the Court's Case Management Order would burden the parties and could lead to unnecessary motion practice that would strain judicial resources. After all, should the Court dismiss one or more of Canvasfish's claims, the parties will have wasted resources engaging in discovery over mooted issues. Awaiting the Court's ruling would, therefore, be advantageous to both the parties and the Court.

Finally, it bears repeating that this case is still in its infancy, and the claims on which discovery can or should be conducted are still open questions. Accordingly, neither Canvasfish nor Pixels will be prejudiced by staying discovery until after the Court rules on Pixels' Motion to Dismiss. In fact, judicial and economic efficiencies for the parties support such a stay, and the parties' discovery plan in their Joint Status Report [ECF No. 16, PageID.256] reflects these very concerns. *Otworth v. Moulatsoiotis*, 2020 WL 13546494, at *1 (W.D. Mich. Feb. 3, 2020) ("'A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'"), *Anderson*, No. 2021 WL 9000112, at *2 (stay pending motion to dismiss supported, in part, by the fact that discovery was in its infancy and the plaintiff would not be prejudiced by the stay because "the matter can be decided soon after the motion is fully briefed").

## CONCLUSION

With this case in its early stages and a fully briefed, dispositive Motion to Dismiss pending, a stay of discovery here is warranted in the interests of judicial economy and because neither party would suffer prejudice during the Court's deliberations.

## LR 7.1(d) CERTIFICATE TO OBTAIN CONCURRENCE

Pursuant to Local Rule 7.1(d), the undersigned counsel hereby submits this Certificate to Obtain Concurrence in relation to this Motion to Stay Discovery. On October 27, 2023, the undersigned counsel on behalf of Defendant Pixels.com, LLC attempted to meet and confer with Plaintiff's counsel indicating that Pixels intended to file a motion to stay discovery proceedings pending the Court's disposition of its Motion to Dismiss [ECF No. 12, 13], which comported with the parties' Joint Status Report [ECF No. 16]. Pixels' counsel inquired whether Canvasfish would agree to the stay or oppose, but Plaintiff never responded. On November 6, 2023, in an attempt to again ascertain whether Canvasfish intended to oppose, Pixels sent opposing counsel a courtesy copy of the attached Motion with a request to submit an agreed order staying discovery proceedings. Counsel for Canvasfish declined to join in this Motion.

Respectfully submitted,

 /s/ Peter J. Rosene
Bruce B. Paul
Peter J. Rosene
McBRAYER PLLC
500 W. Jefferson Street
Suite 2400
Louisville, KY 40202
Email: bpaul@mcbrayerfirm.com
           prosene@mcbrayerfirm.com
Phone: (502) 327-5400
Facsimile: (502) 327-5444
*Counsel for Defendant*
*Pixels.com, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 6, 2023, I served the foregoing upon all counsel of record by filing the same with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

                                                               */s/ Bruce B. Paul*
                                                               Bruce B. Paul